**ORIGINAL**

FILED

SEP 27 2007

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AGUSTIN ARRIAGA-VARGAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | ) <br>) <br>) <br>) Cr. No. 04-2364GT <br>) Cv. No. 05-1815GT <br>) <br>) **ORDER** <br>) <br>) <br>) |

On November 17, 2005, Petitioner, Jose Agustin Arriaga-Vargas ("Mr. Arriaga"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Essentially, Mr. Arriaga argues that his sentence was greater than what he bargained for in his plea agreement. The Court has fully considered this matter, including a review of Mr. Arriaga's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Arriaga's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Arriaga pled guilty, pursuant to a written plea agreement, to three counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Arriaga explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The

1  Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,*
2  United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997).
3  Since Mr. Arriaga expressly waived his statutory right to appeal or collaterally attack his sentence
4  in his plea agreement, Mr. Arriaga is now precluded from challenging that sentence pursuant to 28
5  U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that
6  a knowing and voluntary waiver of a statutory right is enforceable).

7  Moreover, even if Mr. Arriaga had not expressly waived his right to appeal or collaterally
8  attack his sentence, his petition would still fail. In essence, Mr. Arriaga argues that his sentence
9  was greater than what he agreed to in his plea agreement. However, the plea agreement specifically
10  states that the sentence is within the sole discretion of the sentencing judge. The plea agreement
11  also explicitly states that "the sentencing judge may impose the maximum sentence provided by
12  statute." Hence, Mr. Arriaga was notified in his plea agreement of the possibility that he could
13  receive the statutory maximum. He can not now argue that he did not receive the benefit of his plea
14  agreement because he received that statutory maximum. Accordingly,

15  **IT IS ORDERED** that Mr. Arriaga's Motion to Vacate, Set Aside or Correct Sentence is
16  **DENIED.**

17  **IT IS SO ORDERED.**

9-27-07
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner